GAGE COUNTY ET AL. V. GEORGE E. KING BRIDGE
COMPANY.

FILED SEPTEMBER 21, 1899.   No. 8975.

1. Claim Against County: APPEAL BY TAXPAYER. A taxpayer may
appeal from the allowance by a county board of a claim against
a county. (Compiled Statutes, art. 1, ch. 18, sec. 38.)

2. ———: ———. Such appeal is not entirely a personal and private
matter of the appellant, but is of public interest and concern.

3. ———: ———: PARTIES. The county is a party to the suit in the
appellate court, but may not by any action therein rob the
appeal of its significance or hinder or prevent the hearing of
the appeal.

4. ———: ———: DISMISSAL. A court, in the exercise of the power it
possesses over its process and proceedings, may dismiss an ap-
peal from the allowance by a county board of a claim against
the county, if it be shown that the appeal was not taken in good
faith, but to make its dismissal the subject of sale to the claim-
ant.

5. ———: ———: ———. The attack upon the appeal may be by mo-
tion to dismiss.

6. **Motion to Dismiss Appeal:** MISCONDUCT OF APPELLANT: LACHES. The motion to dismiss an appeal, if based on occurrences subsequent thereto or on the ground that the process and proceedings of the court are being used to further corrupt practices or purposes, should be presented as soon as may be after the facts have become known to the mover, but will be entertained at any time during the proceedings before trial on the merits, and after, if the reasons for the motion were not discovered before; and any delay in the presentment of the motion before trial will not constitute its waiver, unless it appears that the delay was purposely or without excuse.

7. **Trial Without Jury:** EVIDENCE: REVIEW. In a hearing to the court without a jury it will be presumed that none but competent and proper evidence was considered, and the reception of incompetent or improper evidence will not suffice to reverse a judgment based upon findings sustained by the evidence with the objectionable matter eliminated.

8. **Appeal From County Board:** DISMISSAL. The findings herein upon which the order of dismissal of the appeal was predicated were sustained by the evidence.

9. **Harmless Error.** Errors of the district court which were without prejudice to the rights of a plaintiff in an error proceeding to this court are of no avail.

ERROR from the district court of Gage county. Tried below before STULL, J. *Affirmed.*

*L. W. Colby,* for Julius A. Smith, plaintiff in error.

*Samuel Rinaker,* for Gage county.

*E. O. Kretsinger* and *J. R. Barcroft,* for defendant in error.

HARRISON, C. J.

On August 1, 1894, the board of supervisors of Gage county allowed claims in favor of the George E. King Bridge Company in the aggregate the sum of $18,438.56, and in the month of August, 1895, allowed a claim of the same company to the amount of $4,854.45, and disallowed a claim of the company for $1,409.56. From the first mentioned allowance there was an appeal to the district court by Julius A. Smith as a taxpayer of the county,

and from the second there were separate appeals by Julius A. Smith, J. H. McDowell, and Daniel Freeman as taxpayers of the county. There was also an appeal by the bridge company from the disallowance of the claim for $1,409.56. After the appeals to the district court had been perfected the bridge company filed a petition, to which Julius A. Smith filed an answer. These were filed in the appeal of the latter from the allowance of the claim of the former for $18,438.56. For Gage county there was filed an amended answer in which there appeared the following: "The said defendant further says that the said George E. King Bridge Company, for the purpose of compromising all of the claims and controversies embraced in said several suits and arising and growing out of said transactions, has agreed to receive and accept from said defendant the sum of $18,000 in full satisfaction and discharge of all claims in all said suits now pending in this court, being for the aggregate sum of $24,985.96, and release and convey all his right or interest in said bridges, approaches, and material for which said claims are made to the said county of Gage, in consideration of which the said county of Gage, by its said board of supervisors, has agreed to accept said proposition as full settlement and compromise of all such claims, demands, controversies between the said plaintiff and the said Gage county of every kind and nature, and said defendant hereby consents that judgment may be rendered in this cause accordingly. Judgment to be entered against the George E. King Bridge Company for all costs in all suits now pending." To this answer of the county the bridge company presented what was styled a "Reply and Acceptance," in which there was stated its agreement to the settlement between it and the county, as set forth in the amended answer of the latter. There is in the record on this same subject the following: "We, the undersigned, members of the Gage county board of supervisors, being informed that the honorable judge of the district court directed that the members of the board

should sign a statement as to what they were willing to do in settlement of the claims now pending in said court in favor of the George E. King Bridge Company and against Gage county, in compliance with said directions hereby state: That it is the judgment of the said supervisors that the settlement proposed by the King Bridge Company, wherein said company agree to accept warrants for $18,000 in full settlement of said claims and pay all costs in said actions, that said proposition is a fair and just settlement, and that, in the opinion of these supervisors, the county is justly indebted to the said King Bridge Company in said amount." On December 17, 1896, the bridge company filed a motion, from which we now quote:

"Now comes the plaintiff, the George E. King Bridge Company, by its duly authorized attorneys, and moves the court to strike from the files the transcript of appeals in said actions from the county clerk of said county, and dismiss said appeals, and deny said appellants J. A. Smith, Daniel Freeman, and J. H. McDowell the right and privilege to appear further in this court, for the following reason, to-wit:

"1. Said appeals have been taken by the said Smith, McDowell, and Freeman for the sole purpose of exacting money from this plaintiff, and not in good faith for the purpose of protecting their rights as taxpayers or the rights of any other of the citizens of said county as taxpayers.

"2. For the reason that said appeals were taken for a mercenary purpose and for the purpose of blackmailing this plaintiff and extorting money from him unlawfully, and not for the purpose of advancing justice or protecting the interests of any of the taxpayers of said county.

"3. For the further reason that the affidavits supporting this motion show that said Smith, McDowell, and Freeman have taken said appeal and used the process of this court for the purpose of unlawful extortion and blackmail, and that said appeals are not being prose-

cuted in good faith, but for the sole purpose of extorting money unlawfully from this plaintiff, and to the personal advantage of said appellant."

On hearing, which was of date December 18, 1896, a motion filed by the plaintiff in error to strike the amended petition of the county from the record was overruled. Judgment was rendered against the county in accordance with the statements filed by it and the bridge company, and of date December 19, 1896, an entry was made of the dismissal of the appeals of the taxpayers. The journal entry of this action, after some preliminary statements of the hearing, etc., continues as follows: "And the court, upon consideration whereof, and being fully advised in the premises, finds as follows, to-wit: That the said Julius A. Smith and the said J. H. McDowell and the said Daniel Freeman, appellants, begun and prosecuted their said appeals in bad faith, and that said appeals were begun and instituted by said Smith and McDowell and Freeman for the sole and only purpose of exacting money from the said George E. King Bridge Company, in this case, and that the said appellants have wrongfully and corruptly used the processes of this court for the purpose of levying blackmail upon the said George E. King Bridge Company, and that the said appellants were willing and anxious to dismiss their said appeals at any time the said George E. King Bridge Company would pay them their prices, to-wit, the said Julius A. Smith, $4,000, the said J. H. McDowell, $500, and the said Daniel Freeman, $500; that the said appellants did not at any time appeal said cases for the interest or benefit of themselves as taxpayers or for any other taxpayers in the county of Gage, but the sole and only inducement, motive, and object that the said appellants had in taking said appeals was for the unlawful and corrupt purpose of extorting money from the said George E. King Bridge Company for a release or dismissal of their said appeals; that the said appellants were willing, at any time from the time of the institution of their said

Gago County v. King Bridge Co.

appeals, to sell and dispose of their pretended right in their said affiants for money so unlawfully exacted and attempted to be extorted from the said George E. King Bridge Company. The court therefore finds that the said extortion, bad faith, attempted corruption and blackmail of the said appellants have destroyed and annulled their said appeals, and that they do not exist in good faith and should not be permitted to be continued, prosecuted, or carried on further, and that the processes of this court should not be used by said appellants for base, corrupt, or unlawful purposes, and that the conduct of the said appellants in prosecuting their said appeals, if permitted to continue for the said purposes of corruption, extortion, and blackmail, will bring the court into disrepute and be a scandal upon justice and the dignity of the court. Said motion is therefore sustained and the appeals of the said Julius A. Smith, J. H. McDowell, and Daniel Freeman are hereby dismissed at their costs, taxed at $——."

Julius A. Smith presents the case to this court by petition in error.

We will first give our attention to the motion to dismiss the appeals to the extent it attacked the one taken by the plaintiff in error. During the course of the hearing the following letters were introduced:

"J. A. SMITH, ATTORNEY AT LAW,
        "BEATRICE, NEB., December 13, 1895.

"*Hon. J. R. Barcroft, Des Moines, Iowa*—DEAR SIR: Yours of yesterday at hand. It, so far as I am concerned, is desired that some action should be taken at this term in all of my appeals. In the first appeal the county attorney has filed an answer for the county. He has done the same thing in my last appeal, and I think also Freeman's, but not McDonald's. Judge Bush, now holding court, holds 'that a dismissal of an appeal is the end of a case, and that it does not require an order affirming a judgment.' This ruling was in an appeal of my own from judgment of the county board. I think it would

be, if possible, better that you be here a day or two sooner than 20th. I shall in my first appeal confess your motions, and if case is not settled, ask leave to file demurrer. Our old judges both go out of the judicial harness this year, and I want these bridge matters determined before one of them if possible and convenient to you.

"Resp. yours,                                    J. A. SMITH."

"J. A. SMITH, ATTORNEY AT LAW,
"BEATRICE, NEB., December 25, 1895.

*"Hon. J. R. Barcroft, Des Moines, Iowa*—DEAR SIR: Yours 23d inst. at hand. I am willing to dismiss appeals upon the following terms and manner: Terms $3,500, $800 to be paid from last appeal, which is to be first dismissed and money secured, when the balance, $2,700 may be deposited in Beatrice Nat. Bank by certificate in my name and indorsed in blank condition that it is to be delivered to me when you secure warrants for first appeal. I think the other appellants can be settled with for the balance of the $4,000, which you offer. I have seen Mr. Freeman. He will take $300. Have not seen McDowell, but presume his attorneys will settle for not exceeding $250. Mr. Freeman is one of the largest taxpayers in the county, and I have no doubt he could go to the supreme court should his appeal be dismissed upon your idea that but one appeal can be entertained under our statute. I want matter of settlement settled at once, or rather this term, and I think it can be done, and would suggest that you again come out notwithstanding employment of local attorney.

"Yours truly,                                    J. A. SMITH."

"J. A. SMITH, ATTORNEY AT LAW,
"BEATRICE, NEB., December 27, 1895.

*"Hon. J. R. Barcroft, Des Moines, Iowa*—DEAR SIR: Yours 26th at hand. I have no doubt but what last appeal can be disposed of any day and money paid. As plainly indicated in my last letter, I want simply in cash, when that is done, what the last appeal leaves proportion-

57

ately to the total amount of both appeals, and the balance of the money deposited as indicated to await your receipt of warrants for first appeal, which I think can be accomplished, if your attorney so desires, at this term. These terms are reasonable and secures every one. I have no idea other appellant will settle with settlement contingent upon result of my first appeal,—a matter in which they have no earthly interest. I trust you will be convinced of the reasonableness of the above proposition and instruct Mr. Kretsinger to that effect. Our court will be in session, I understand, some time and I believe all appeals can be disposed of if properly pushed and presented.

"Resp. yours,                    J. A. SMITH."

There were also some affidavits read in support of the motion. That the letters had been written and sent was admitted, or not denied. In an affidavit Julius A. Smith stated: "That while negotiations have been entered into in the cases for the payment of a consideration for the dismissal of these appeals, they have never amounted to anything and have never been instituted or suggested in the first instance by this defendant, but always by agents or attorneys of plaintiff."

A consideration of the evidence leads to the conclusion that the court was warranted thereby in its findings, and its judgment of dismissal of the appeal, in response to the motion, was a righteous one. The decision of the motion upon the "merits" was right. It is urged in this connection that courts will not or cannot dismiss appeals on the grounds and for the reasons which sufficed for the dismissal of this one. A court will endeavor to do what is just and right, and if to effectuate its purpose calls for the dismissal of an appeal, it will be done. It is the exercise of a power inherent in the court. Where it is entirely apparent that an appeal is frivolous, the appellate court will dismiss it (*Johnson v. St. Paul R. Co.*, 71 N. W. Rep. [Minn.] 619), and we have no hesitancy in saying that where it is shown that the appeal of a matter

like the present one was for the purpose of selling the dismissal to the adverse party the appeal may be dismissed. For a discussion of the power of courts over actions or appeals and to dismiss them see *Stewart v. Butler*, 59 N. Y. Supp. 573.

It is also argued that an appellant may dismiss his appeal for a consideration. This may be true where the matter in controversy is his own private affair. We will say here that while an appeal of the nature of this one is by the one person, the taxpayer, and apparently solely for him and his benefit, it is in reality for himself and other persons of his community or the public. The only possible tenable ground which we can discover upon which the appellant might rest his right to dismiss such an appeal for a consideration is that he is only interested in the event of the suit or appeal to the extent the allowance of the claims from which the appeal was taken would increase his taxes and thereby he be damaged in such amount, and if paid his damages as a consideration, would dismiss the appeal; but herein there was, or so the court determined, an attempt to make the dismissal of the appeal a regular matter of bargain and sale. It was not that the party felt that he would be injured by the allowance of the claims or that the public would suffer, but the question was, the appeal being perfected, how much would the bridge company give to get the appeal dismissed,—a course which cannot be too strongly condemned.

At the hearing on the motion the testimony of one I. J. Frantz was received, from which it appeared that prior to the occurrences which are involved in the case at bar the county board of Gage county had allowed the witness a claim, and Julius A. Smith, as a taxpayer, had appealed from the allowance, had told the witness he would dismiss the appeal if paid $100, that the money demanded was paid, and the appeal dismissed. If the reception of this testimony was error, it is not available. The hearing was to the court, and it is presumed to consider none but

competent evidence, however much be introduced, and there was ample evidence to sustain the substantial findings regardless of this testimony of the witness Frantz.

It is further argued that the motion to dismiss the appeal came too late, that the mover had recognized the appeal by pleading and acting therein, and thus waived the right to move the dismissal. A motion to dismiss an appeal on the ground that it was not properly taken, or for defects or irregularities therein, is too late, if not presented until after pleadings filed and the cause assigned for trial. (*Claflin v. American Nat. Bank of Omaha,* 46 Neb. 884.) The motion in the matter at bar was not to dismiss the appeal because of any inherent defect in the proceedings or the invalidity of the appeal, but for the improper conduct in regard thereto of the appellant subsequent to the perfection. The right to make the motion was not waived by any participation on the part of the mover shown of record in the proceedings in the district court. The motion was filed before the case on appeal was called for trial. The question raised was not one which, in the main, affected the interests of the parties, but was more directly of the right of a party to use the court and its proceedings in a matter of public concern and make them the subjects of bargain for his own private gain. We will not now decide when a motion of the nature of this may be overruled for delay in its presentment. Under all the facts and circumstances disclosed on the hearing of the one herein, no such delay appeared.

It is also urged that inasmuch as the motion raised a question or issue of fact it was an improper, and not allowable, manner or method of procedure. The motion did not raise any issue which required an examination of the merits of the cause, but involved an inquiry relative to the acts of the appellant, in regard to which there was no conflict in the evidence. These things being shown, the determination, on motion and affidavits and other evidence, of the matter of the further hearing of

the appeal was entirely proper practice. (2 Ency. Pl. & Pr. 347.)

It is insisted that the trial court erred in its refusal to strike from the files or record the amended answer of the county, for the reason that it was not the proper party to the action on appeal and could not be heard therein to admit or confess the validity of the claim in question or any part of it, and could not, in the suit on appeal, settle or compromise with the claimant, the bridge company; and in this connection it is also urged that the court erred in rendering the judgment predicated on the settlement or compromise made and stated between and by the county and the bridge company. There is statutory authorization of an appeal by the claimant from a whole or partial disallowance by a county board of a claim against a county (Compiled Statutes, chap. 18, art. 1, sec. 37); and the method of practice is provided, bond exacted, etc. The next section of the same chapter provides as follows: "Any taxpayer may likewise appeal from the allowance of any claim against the county by serving a like notice within ten days and giving a bond similar to that provided for in the preceding section." Section 39 provides: "The clerk of the board, upon such appeal being taken, and being paid the proper fees therefor, shall make out a complete transcript of the proceedings of the board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court; and such appeal shall be entered, tried, and determined the same as appeals from justice courts, and costs shall be awarded thereon in like manner." It seems entirely clear that the appeal by the taxpayer contemplated by the legislator was one, to a certain extent, or entirely, antagonistic to the claimant and the county by reason of being aggrieved by the action of the latter in the allowance of the claim. The county is a party to the suit after its appeal, but cannot by any action therein, by way of admission of the claim in whole or in part, rob the appeal

of its significance or rather deprive the appellant of the right to a hearing of the appeal. If it could, then the provision for an appeal by the taxpayer would be but meaningless words, and the appeal a useless and empty proceeding. Whether the judgment rendered was void or not, or whether the court could entertain or notice in the suit the compromise between the county and the bridge company, we need not now determine. Such action and judgment could in nowise abridge the right of appellant to a hearing on his appeal, nor did they. The court heard and decided the appeal matter wholly in substance separate from any other question, and adjudged, rightfully, that the appeal should be dismissed, and so ordered, and the errors, if any, in retaining the answer of the county of record and rendering the judgment on the settlement were without prejudice to the appellant.

It appears that on the applications of the appellant there had been issued orders restraining the county, its board, and the bridge company from acts in regard to the claims of the latter and the appeals from their allowances, and it is argued that the court should have stricken the answer of the county from the record because its filing was contrary to the orders of injunction, and also that the judgment of the court was based upon matter which appeared of record in contempt of said orders. The orders of injunction, even if in any manner properly within the attention or notice of the district court, were not so, or so made, in the hearing of the appeal, and could not and did not hinder or prejudice the appellant in such hearing. The order of dismissal of the appeal is affirmed. The portion of the decree which purported a judgment or adjudication of the claims against the county is not herein before this court for any action.

ORDER OF DISMISSAL AFFIRMED.