STATE OF NEBRASKA, EX REL. DOUGLAS COUNTY, RELATOR, v. JOHN C. DREXEL, COUNTY CLERK, RESPONDENT.

FILED FEBRUARY 8, 1906. No. 14,569.

1. **Statutes: CONSTRUCTION.** The object of the court in construing an act of the legislature is to ascertain the intention of the lawmakers. That intention, when ascertained, will prevail over the literal sense of the words used.

2. **County Clerks: SALARY.** In counties of more than 25,000 inhabitants the salary of the county clerk is fixed at $2,500 per annum by chapter 72, laws 1905, and he is also entitled to one deputy whose salary shall be $1,000 per annum.

ORIGINAL application for a writ of mandamus to compel respondent to account for excess fees. *Writ denied.*

*W. W. Slabaugh,* for relator.

*H. C. Brome, contra.*

SEDGWICK, C. J.

This case involves a construction of the act of 1905 amending the statute regulating the fees of county clerks and other county officers. Laws 1905, ch. 72. Since that act has been in force the county clerk of Douglas county has retained fees in excess of $1,500 per annum. A writ of mandamus is asked to compel him to pay over the excess to the treasurer for the county. His defense is that under the statute he is entitled to $2,500 per annum, and to have a deputy with a salary·of $1,000 per annum. The .section as amended provides that the fees of the county judge and county clerk shall be limited to $1,500 per annum each. It then provides that in counties having over 18,000 and less than 25,000 inhabitants the county clerk shall receive $1,500 per annum, which shall be paid by warrants drawn on the county general fund. By this proviso the other county officers also receive greater emolument in counties of this class. The section then provides as follows: "In counties having over 25,000 and less than 60,000 inhabitants the county treasurer shall receive the sum of three thousand (3,000) dollars per annum, and shall be furnished by the county board with the following clerks or assistants: One deputy or chief clerk whose salary shall be fourteen hundred (1,400) dollars; one clerk whose salary shall be one thousand (1,000.) dollars, and one clerk whose salary shall be six hundred (600) dollars per annum. The sheriff shall receive the sum of two thousand five hundred (2,500) dollars per annum, also the necessary jail guard and one deputy, and the salary of such deputy shall be nine hundred (900) dollars per annum. The county clerk of such counties -shall receive the sum of two thousand five hundred (2,500) dollars per annum; and he shall have one

deputy whose salary shall be one thousand (1,000) dollars per annum. The county judges of such counties shall receive the fees of such office, not to exceed the sum of two thousand (2,000) dollars per annum, provided that in counties having a population of over 60,000, the county judge shall receive the fees of said office not to exceed the sum of two thousand five hundred (2,500) dollars per annum, and in all counties having over 25,000 population the county judge shall be provided by the county board with the necessary clerks or assistants, whose combined salaries shall not exceed the sum of one thousand (1,000) dollars per annum."

It is the language of the provision just quoted that we are called upon to construe. The relator urged that in counties having over 60,000 inhabitants the county clerk is entitled to receive only $1,500 per annum, and the respondent's contention is that in all counties having over 25,000 inhabitants the county clerk is entitled to receive the sum of $2,500 per annum, and have one deputy whose salary shall be $1,000 per annum. It will be seen that the language of the statute, taken literally, would limit the fees of the county clerk to $1,500 per annum, except in those counties whose population was from 18,000 to 25,000, and those counties whose population was from 25,000 to 60,000. There can be no doubt that it is the province of the legislature to prescribe and regulate the fees of these officers. The court has nothing to do with the policy of these enactments nor the justice of the legislation. It must construe and apply the law as it is enacted by the legislature. The object of the court in construing an act of the legislature is to ascertain the intention of the lawmakers. To adhere to a technical and literal construction that was manifestly contrary to the intention and meaning of the legislature would be to legislate and not to construe. The rule has long been established by this court that "in the interpretation of a statute the intention of the lawgivers is to be deduced from the whole statute taken and compared together." *Swearingen*

*v. Roberts,* 12 Neb. 333.   In the opinion in that case the following quotation was taken from 1 Kent, Commentaries, *462: "The real intention, when accurately ascertained, will always prevail over the literal sense of terms.   When the expression of a statute is special or particular, but the reason is general, the expression should be deemed general, *   *   *   and the reason and intention of the lawgivers will govern the strict letter of the law, when the latter would lead to palpable injustice, contradiction, and absurdity." *State v. Baushausen,* 49 Neb. 558; *Kelley v. Gage County,* 67 Neb. 6; *Parker v. Nothomb,* 65 Neb. 315.

What, then, was the intention and meaning of the legislature in adopting this amendment of the statute?   There was an act of the legislature in 1877 (laws 1877, p. 215) regulating the fees of county officers.   This act has been many times revised and amended, and in each act so amending the statute the principle has been maintained that the duties and responsibilities of county officers are greater in counties having a larger population than they are in counties having a smaller one, and that the fees of the officers should be regulated with regard to their duties and responsibilities.   And so, in the section of the statute now under consideration, the manifest intention of the legislature was to provide larger fees for these officers in counties having larger population.   Thus, in counties with population under 18,000 the compensation of the county clerk is limited to $1,500 and is to be derived solely from the fees of his office; but in counties of over 18,000 population and less than 25,000 he is to receive a salary of $1,500 without regard to the amount of fees; and in counties with population exceeding 25,000 he is to receive a salary of $2,500 and have a deputy whose salary is fixed at $1,000 per annum.   Can it be derived from this act and the history of the legislation upon this subject that the legislature intended that this latter provision should apply only to counties with less than 60,000 inhabitants?   Did the legislature intend that the salary of this officer should decrease as the population exceeded

60,000? It will be noticed that in counties of more than 25,000 and less than 60,000 inhabitants the section under consideration provides fixed salaries for the deputies of various county officers; whereas in the section amended the clerks and assistants of the county treasurer were "furnished by the county board," when necessary, and their combined salaries should not exceed $2,400 per annum. The object of the amendment of this part of the law appears to be to make this and other similar changes.

Again it will be noticed that by the section under consideration, as amended, county judges in counties having more than 25,000 and less than 60,000 inhabitants receive fees not to exceed $2,000 per annum, provided that in counties having a population of over 60,000 the county judge shall receive fees not to exceed $2,500 per annum. The only distinction that is made in the fees of county officers between counties of less than 60,000 and those having a larger population is with reference to the office of county judge, and this appears to be the purpose of the legislature in inserting the words "less than 60,000" in the first part of this provision, and the words "over 60,000" in the latter part. The provision in regard to the fees of the county judge would remain the same if the words "less than 60,000" were omitted. But, in view of the whole section and of the history of the legislation upon this subject, it is manifest that the insertion of the provision for the increased fees of the county judge in counties of over 60,000 people caused the words "less than 60,000" to be inserted in the section. If, therefore, the words "less than 60,000" are omitted, the real intention and meaning of the legislature will be expressed by the section. It follows, therefore, that the respondent has not retained more fees than he is entitled to, and the writ must be denied.

WRIT DENIED.