F. W. FITCH, APPELLANT, v. EUCLID MARTIN, ADMINIS-
TRATOR, APPELLEE.

FILED NOVEMBER 9, 1907. NO. 15,211.

Trial: FRAUD: DISMISSAL. Fraud or imposition upon the court and
against defendant, practiced by a plaintiff during the progress of
the trial of his cause, does not justify the dismissal of his action
without a determination of its merits.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Judgment of dismissal vacated
and cause remanded with directions.*

*A. S. Churchill* and *Byron G. Burbank,* for appellant.

*F. H. Gaines* and *E. G. McGilton, contra.*

AMES, C.

This is an appeal to the district court from a judgment
of a county court disallowing a claim against the estate
of a deceased person. After the trial had proceeded so
far that the cause had been submitted to the jury for de-
liberation upon their verdict, the claimant or plaintiff
was accused of having secretly and fraudulently made a
material alteration in an alleged book of accounts of
transactions between himself and the deceased, after it
had been offered and received as documentary evidence in
the progress of the trial. The trial judge thereupon, with
the aid of a committee of lawyers appointed by himself,
made an investigation into the subject of the charge, as
a result of which he became convinced, and made a de-
termination or finding, that the accusation was true. In
consequence of such finding, and of his own motion, as the
record recites, the judge discharged the jury from further
consideration of the case and entered a judgment dismiss-
ing the appeal. A motion to vacate the dismissal and for
a new trial having been **overruled, the** plaintiff appealed
to this court.

The constitution of this state contains the three follow-ing provisions: Article I, sec. 13. "All courts shall be open, and every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due course of law, and justice administered without delay."

Article I, sec. 24. "The right to be heard in all civil cases in the court of last resort, by appeal, error, or other-wise, shall not be denied."

Article VI, sec. 17. "Appeals to the district courts from the judgments of county courts shall be allowed in all criminal cases on application of the defendant; and in all civil cases, on application of either party, and in such other cases as may be provided by the law."

It is nowhere provided that the rights thus guaranteed shall be forfeited by deceit or imposition practiced upon the court, or attempted so to be, or even by the commis-sion of forgery, perjury or other criminal offense. Such penalties as the statute does or shall provide for any such acts must, we suppose, be inflicted, if at all, after trial and conviction by due course and process of law, and not as the result of a summary investigation in a proceeding un-known to the statute and instituted by the judge upon his own motion. The proceeding and judgment are at-tempted to be justified in this instance as being an exercise of the inherent powers of the court to protect itself from the consequences of deceit and imposition, and to prevent its ordinary process and proceedings from being made use of as the instruments of fraud or oppression. It is un-necessary to attempt to decide, at present, what are the nature and limitations of the powers of the court in this respect, but we think it is safe to say that they do not extend so far as entirely and finally to deprive a litigant of the right to have his suit heard, tried and determined according to the usual course and practice of the courts in similar cases.

Counsel cite but one decision in support of their con-tention, viz., *Gage County v. King Bridge Co.*, 58 Neb.

827. But we think that decision is not conclusive, or, indeed, in point, in the present controversy. The appeal, which was dismissed in that case, was from an order of a county board allowing a claim against their county. Now, a taxpayer has no natural or constitutional right to prosecute such an appeal, which concerns a matter in which he has no special individual or personal interest, but the statute permits him to carry on the proceeding in the name and behalf and as a representative of the public, that is to say, of the whole body of the county. And when, in the case cited, the court discovered that the appellants were not in fact doing what the statute contemplated, and that they were not in reality prosecuting the appeal in the interests of or as representatives of the public, but for the accomplishment of unlawful and extortionate ends of their own, it refused to permit them to proceed further. By so doing the court bereft the appellants of no right or property, but at the uttermost deprived them of a privilege which has been conferred upon them, not for their own end alone, but for the public benefit, from which end they had perverted it.

The cases cited in *Gage County v. King Bridge Co.,* *supra,* appear to us to be in point neither in that case nor in this. The appeal in *Johnson v. St. Paul City R. Co.,* 68 Minn. 408, was dismissed because it was without merit, that is to say, because the judgment sought to be appealed from was entered in obedience to a mandate from the supreme court and was consequently not subject to review. The court properly described the appeal as frivolous. In *Stewart v. Butler,* 59 N. Y. Supp. 573, the New York supreme court at special term, that is to say, a trial judge, entered an order staying a suit at law under such circumstances, as the opinion recites, as would have justified or probably induced a court of equity perpetually to enjoin the prosecution of a multiplicity of vexatious suits at law. What afterwards became of this case we do not know, nor have we an accurate knowledge of the powers or jurisdiction of the New York courts or of their methods

of procedure, but it is evident that there was exerted in that case a power or jurisdiction quite different in both its nature and origin from that exercised by either of the Nebraska courts in the cases under consideration. We think none of the cases mentioned is a precedent for the order of dismissal in the case at bar, which we think to be also without justification by principle. We, of course, intend to intimate no opinion with respect to the truth or falsehood of the accusation against the plaintiff.

Much of the briefs and oral arguments of counsel was concerned with orders made by the trial judge with reference to the withdrawal and amendment of pleadings. These orders are, however, interlocutory, and subject to vacation or modification during the future progress of the cause. Whether they, or any of them, are erroneous, we do not think it necessary or prudent to express an opinion until there shall have been presented a record containing a judgment within the jurisdiction of the district court to render. Even error thus committed may be cured by other steps in the procedure, and may finally turn out to be without prejudice.

We recommend that the judgment of dismissal be vacated and set aside, and the cause remanded, with instructions to reinstate the cause and proceed with it according to law.

CALKINS, C., concurs.

FAWCETT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of dismissal is vacated and set aside, and the cause remanded, with instructions to reinstate the cause and proceed with it according to law.

JUDGMENT ACCORDINGLY.