O. M. CAMPBELL COMPANY, APPELLANT, v. BOYD COUNTY ET AL., APPELLEES.

FILED JUNE 13, 1928. No. 25978.

*Sterling F. Mutz*, for appellant.

*W. T. Wills* and *J. A. Donohoe*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

PROUDFIT, District Judge.

This action originated in a proceeding before the board of county supervisors of Boyd county wherein a claim was

allowed by the said board for $2,548 against said county in favor of O. M. Campbell Company, appellant herein.

Certain taxpayers of the county appealed from the order allowing said claim to the district court of said county. Pleadings were duly made up and the cause tried to a jury. At the close of plaintiff's case in chief, the defendant county moved for a directed verdict. Said motion was sustained and the jury directed to return a verdict for the defendants (appellees herein), and such verdict was returned and filed, and motion for new trial overruled and judgment entered for defendants, from which order overruling the motion for new trial and judgment, plaintiff prosecutes an appeal to this court.

The appellant appears to rely on two general propositions for a reversal of the action of the trial court, namely: (1) The compromise entered into between appellant and the supervisors of Boyd county was a ministerial act in its nature and not subject to review on appeal; (2) the supervisors having entered into the compromise in behalf of the county with appellant, the county was bound thereby and the taxpayers had no greater right to repudiate the compromise than the county itself or its board of supervisors.

Other propositions are discussed in appellant's brief, but, not being material to a decision of the cause, no good purpose would be served by alluding to or discussing them.

To support his two general propositions, appellant cites as authority the cases of *Lancaster County v. Lincoln Auditorium Ass'n,* 87 Neb. 87, *Gage County v. King Bridge Co.,* 58 Neb. 827, and *Green & Van Duyn v. Lancaster County,* 61 Neb. 473. The disposition of these cases was based upon a marked difference in the facts that plainly distinguishes them from the case at bar. It would prolong this opinion unnecessarily to point out the distinction in the cases cited, and so reference is merely made to that fact.

As to the right of the taxpayers to appeal from the action of the board of county supervisors, it is only necessary to refer to section 866, Comp. St. 1922, which provides as follows: "Any taxpayer may likewise appeal from the

allowance of any claim against the county by serving a like notice within ten days and giving a bond similar to that provided for in the preceding section." Appellant lays much stress on the fact that the amount allowed was by way of compromise of a pending claim, and that therefore this is not an attempt to appeal from an ordinary allowance of a claim. This argument is without merit. The action of the county board in allowing the claim of $2,548 was the exercise of judicial power on the part of the board, from which an appeal would lie to the district court. *Heald v. Polk County,* 46 Neb. 28. The action, being properly before the district court on appeal, was for trial *de novo,* and it was incumbent upon the appellant to establish all of the material allegations of its petition by a preponderance of the evidence. Section 867, Comp. St. 1922, provides that such appeal shall be tried and determined the same as appeals from justice courts; and section 9406 recites: "The plaintiff in the court below shall be the plaintiff in the district court; and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in such court."

In *Box Butte County v. Noleman,* 54 Neb. 239, it is held that an appeal from the order of the county board allowing a claim against the county brings the matter to the district court for trial *de novo,* and issues should be joined in the district court as in cases appealed from a justice of the peace.

The pleadings place the rendition of services and the amount due therefor directly in issue, and the burden was upon the appellant to establish the performance of the contract in accordance with the terms thereof and to show the amount due thereon.

The record discloses a total lack of competent evidence on these vital points, and the trial court did not err in directing a verdict for the defendant, and the judgment therein rendered should be affirmed.

AFFIRMED.

The following opinion on motion to clarify opinion was filed December 6, 1928. *Motion sustained.*

PER CURIAM.

This matter comes on upon a motion to clarify the opinion herein filed June 13, 1928. The motion will be sustained. The uncertainty arises from an incomplete statement of the pleadings. Two causes of action were originally stated in the petition: (1) Upon an agreement for a compromise and settlement of an account for services performed under a written contract; and (2) upon the contract itself for the services rendered.

Upon the opening of the trial in the district court, before any evidence taken, plaintiff dismissed his second cause of action without prejudice by leave of court, as appears from the bill of exceptions. The case was tried upon the first cause of action only. A verdict was directed for defendant, plaintiff appealed, and the judgment was affirmed. The only question presented to and decided by this court was the correctness of the order sustaining defendants' motion for a directed verdict. It follows that the order of affirmance only disposed of the first cause of action, and had no effect upon the claim for services under the contract.