REQUESTED BY: Donald L. Knowles, Douglas County Attorney, Omaha, Nebraska.
Does the phrase `or spouse or surviving spouse of any such persons;' found in section 77-2004, R.S.Supp., 1978, refer to all of the individuals described in the statute prior to the phrase?
Yes.
Section 77-2004 was amended by the 1977 Legislature in LB 456, section 1. The relevant portion of section 77-2004
now provides:
 ". . . In the case of a father, mother, husband, wife, child, brother, sister, wife or widow of a son, husband or widower of a daughter, child or children legally adopted as such in conformity with the laws of the state where adopted, any lineal descendant born in lawful wedlock, or any lineal descendant legally adopted as such in conformity with the laws of the state where adopted; or to any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent, or the spouse or surviving spouse of any such persons. . . ." (Emphasis added.)
Prior to the amendment of this section the phrase `or to any person to whom the deceased for not less than ten years prior to death stood in the acknowledged relation of a parent' following the phrase `or the spouse or surviving spouse of any such persons.' In reading the statute as it existed prior to the 1977 amendment it excluded the spouse or surviving spouse of an individual whose right of inheritance was based upon the acknowledged relationship clause. The particular phrase with which we are here concerned dealing with individuals who, although not related, did stand in relationship of parent and child has had a checkered history in the Nebraska statutes. Up until 1953 the clause was included in section 77-2004 and preceded by a comma. In 1953 the Legislature repealed section 77-2004 as it had previously stood in an act intended to restate and clarify the provisions of the inheritance tax statutes. See, LB 264, Chapter 282, section 2, 65th Legislature, 1953. In reenacting that statute, they left out the phrase with which we are here concerned regarding persons standing in a parent-child relationship.
Subsequently, in 1957 the statute was again amended in LB 136, Chapter 337, section 1, page 1173, 68th Legislature, 1957, and the phrase was again included. However, in this enactment the phrase was set off from the remainder of the section by semicolons. That treatment has remained until today's date through subsequent amendments and revisions of the statute.
In analyzing the wording of the statute as it now appears, we believe the punctuation used is grammatically incorrect. In order to be set off with semicolons, the language used should constitute a clause and be independent. As we read the statute it is not an independent clause and should be preceded by a comma rather than a semicolon. Had that punctuation been used it would be clear that the phrase `spouse or surviving spouse of such persons' would apply to all of the enumerated groups contained within the statute. However, this does create an ambiguity in the statute. Where the general intent of the Legislature is readily ascertainable but the language or punctuation used produces a doubt or uncertainty as to a proper application of its provision, resort may be had to legislative history. See,Roy v. Bladen School District, 165 Neb. 170, 84 N.W.2d 119
(1957).
In the present case the legislative history concerning this statute is clear. During a recodification of the inheritance tax statutes in 1975 see LB 585, 84th Legislature, 1st Session section 77-2004 was amended to expand that class of persons entitled to a one percent inheritance tax rate. In that draft the phrase `spouse or surviving spouse of such persons' was placed immediately before the phrase concerning the parent-child relationship. Subsequently, in the 1977 Session a bill was introduced by the Judiciary Committed, LB 456, 85th Legislature, 1st Session; that bill reversed the phrases but retained the semicolon.
Senator Duis commented in regard to the intent of the bill on the floor during debates on January 24, 1977, and stated in part:
 ". . . Now what this bill does now is go ahead and gives the inheritance tax rate down to the situation that would be that of a husband and the wife of a stepchild and that is the reason for this particular legislation was to allow them to have the lower inheritance tax rate being related to a stepchild or a husband or wife of a stepchild or son or daughter." p. 1900.
Similar comments were made by Senator Duis in the committee hearing on LB 456 on March 2, 1977:
 ". . . My question deals with one or whether the Legislature gave any thought to including the spouse of any person to whom the deceased for not less than ten years prior to death, to acknowledge relationship of a parent. . . ."
Thus it is our belief that the Legislature intended to accomplish that result.
An entirely separate reason for the conclusion which we have reached is that statutes should be given a reasonable construction which will lead to just and not absurd results. If any other construction were adopted with respect to the application of the phrase under consideration, we would have a situation in which the spouse or spouses of persons who, although not related stood in an acknowledged relationship of parent and child for the statutory period, would be entitled to a one percent rate while all other spouses of such persons specified in the statute would be treated as strangers and taxed at the highest applicable rate upon receiving any inheritance. This obviously would raise questions of improper classification as well as equal protection claims as to such excluded individuals. That result being absurd is one that should not be reached and therefore our conclusion is that the phrase `spouse or surviving spouse' applies to all the enumerated individuals in section 77-2004.