## MIKLENCIC v. UNITED STATES.

### No. 4895.

Circuit Court of Appeals, Third Circuit.
Jan. 20, 1933.

Henry B. Friedman and Linn H. Schantz, both of Allentown, Pa., for appellant.

Charles M. Bolich, of Allentown, Pa., for the United States.

Before WOOLLEY and THOMPSON, Circuit Judges, and WELSH, District Judge.

WOOLLEY, Circuit Judge.

Miklencic was tried and convicted for violating the National Prohibition Act (27 US

CA). On appeal he raised two questions: (1) Was there sufficient evidence to submit the case to the jury? We promptly answer, there was. (2) Did the court err in charging the jury there is no presumption of innocence? In answering this question we do not think the learned trial judge intended by his instruction to make an absolute negation of the presumption yet, even as he qualified it, we fear such must have been the understanding of the jury. What happened was this: The learned trial judge, when charging the jury and approaching the usual instructions on presumption of innocence and reasonable doubt, referred to certain strict rules in the trial of criminal cases which jurors doubtless know and should keep in mind and in respect to which, lest they forget, the court is required to instruct them afresh. He then said:

"There are two of them that particularly apply to this case. One is what is called the presumption of innocence, which has been alluded to and properly so by counsel in this case. I have never liked that phrase. I do not think there is a presumption of innocence or any other kind of a presumption about it. You hear this case with your minds free from any presumption. You say to the prosecutor in every case, 'You have charged this defendant with the commission of this crime. Now prove the truth of your charge.' You do not presume that the defendant is guilty by any means; that would be a flat violation, of course, of your duty; nor, on the other hand, do you presume that he is innocent. Your real state of mind is that we know nothing about it' one way or the other, and have no predilections one way or the other and we won't have until you submit your proofs, and those proofs must be submitted in accordance with the law. You must get evidence and decide the case from the evidence and sworn testimony in the case."

That, indeed, may be a conception of a perfect trial. Yet we are obliged to hold there actually exists a presumption of innocence with which the law clothes one accused of crime and that it has a legal significance in respect to which the accused is entitled to have the jury instructed. The presumption does not arise from any given state of facts but is a true presumption of law bestowed upon the accused before the facts appear and embodies a principle upon which, in the federal system, prosecutions shall be conducted. In order properly to bring about the procedural consequences of such a presumption (Wigmore on Evidence [2d Ed.] § 2491) the jury must be told about it and how to handle it, namely, they should begin with the presumption that the defendant, although accused, is innocent, Holt v. United States, 218 U. S. 245, 253, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138; then consider the presumption along with the evidence in the case, Allen v. United States, 164 U. S. 492, 501, 17 S. Ct. 154, 41 L. Ed. 528; and, finally, that it stands in favor of the accused until such time as they shall find beyond a reasonable doubt it has been overcome by evidence to the contrary. Coffin v. United States, 156 U. S. 432, 459, 460, 15 S. Ct. 394, 39 L. Ed. 481; Agnew v. United States, 165 U. S. 36, 51, 17 S. Ct. 235, 41 L. Ed. 624; Holt v. United States, supra; Dodson v. United States (C. C. A.) 23 F.(2d) 401, 402.

The defendant in this case, though confronted by evidence which would sustain a verdict of guilty, was under the policy of the law entitled to the advantage of the presumption and, accordingly, entitled to have the jury instructed in respect to it, not in our words nor in any particular words but in its true substance.

Although the character of the testimony and the otherwise faultless trial have given us pause, we are constrained to reverse the judgment and, under authority of Steinman v. United States (C. C. A.) 185 F. 47, 50, 51, direct a venire de novo.