IN RE APPLICATION OF LAWRENCE PRIBIL.
LAWRENCE PRIBIL, APPELLANT, v. ALICE L. FRENCH, COUNTY SUPERINTENDENT OF HOLT COUNTY, NEBRASKA, ET AL., APPELLEES, EUGENE R. BAKER. INTERVENER-APPELLEE.

139 N. W. 2d 356

Filed January 14, 1966. No. 36051.

Edward E. Hannon, for appellant.

William W. Griffin, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an appeal from an order of a freeholder's board denying the petition of Lawrence Pribil to transfer land from school district No. 137 of Holt County, Nebraska, to school district No. 165 of that county.

In the district court the members of the freeholder's board filed a demurrer and an answer in which they were designated as defendants. On July 13, 1964, upon the motion of the petitioner, the demurrer and answer were stricken from the file upon the ground that the defendants did not have sufficient interest to be parties to the litigation.

On July 20, 1964, Eugene R. Baker, a resident elector and taxpayer in school district No. 137 of Holt County, Nebraska, filed a motion to intervene in the proceeding. On the same day the petitioner filed a motion objecting to the motion of the intervener, alleging that all persons interested in the proceeding were in default, and requesting that the petitioner be granted the relief prayed for in his petition. On August 3, 1964, the district court overruled the motion of the petitioner, sustained the motion of the intervener, and granted the intervener 10 days in which to plead.

The intervener then filed an answer in which he alleged that school district No. 137 was a fully accredited district; that school district No. 165 was a nonaccredited district; and that section 79-1108, R. S. Supp., 1963, prohibited the transfer of property from an accredited school district to a nonaccredited school district.

The district court found generally for the intervener and dismissed the proceeding. The petitioner's motion for new trial was overruled and he has appealed.

The petitioner contends that the intervener should not have been allowed to intervene in the proceeding, that the intervention was out of time, and that the petitioner should have been granted a default judgment.

Any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to the action, either before or after issue has been joined, before the trial commences. § 25-328, R. R. S. 1943. The right to intervene may be exercised at any time before trial and an intervener is not required to set forth any reasons why he did not intervene at an earlier time. State v. Farmers State Bank, 103 Neb. 194, 170 N. W. 901.

This proceeding involved a matter of public interest affecting all taxpayers in school district No. 137 of Holt County, Nebraska. Prior to July 13, 1964, the action was being defended by other parties. When the pleadings filed by these parties were stricken, intervention became necessary to prevent a default. The intervener proposed to defend the action in behalf of all the taxpayers in school district No. 137 of Holt County, Nebraska, who were similarly situated and similarly interested. At the time intervention was sought, no trial had occurred and it was within the discretion of the trial court to grant the intervener additional time to plead.

The other issue that requires consideration is whether section 79-1108, R. S. Supp., 1963, applies to a proceeding to detach land from school district No. 137 and attach it to school district No. 165. For this purpose we assume but do not decide that the petitioner was entitled to the relief requested unless section 79-1108, R. S. Supp., 1963, prohibits the transfer of the property.

Section 79-1108, R. S. Supp., 1963, provides: "No transfer of property from an accredited school district to a nonaccredited school district of any class shall be permitted."

The record shows without dispute that school dis-

trict No. 137 is a fully accredited Class II school district and that school district No. 165 is a nonaccredited Class I school district. If section 79-1108, R. S. Supp., 1963, applies to proceedings under section 79-403, R. S. Supp., 1963, for the transfer of property between such school districts, then the petition filed in this case must be denied.

Section 79-1108, R. S. Supp., 1963, was enacted in 1961 as section 2 of L. B. 681. Laws 1961, c. 404, § 2, p. 1221. L. B. 681, as originally introduced, contained only one section. That section now appears as section 79-1107, R. S. Supp., 1963, and provides for the withdrawal of Class I school districts from rural high school districts in which the high school has been disapproved. On general file, L. B. 681 was amended to include an additional section which now appears as section 79-1108, R. S. Supp., 1963. Nebraska Legislative Journal, 72nd Session, 1961, pp. 1309, 1311.

Although section 2 of L. B. 681, Laws 1961, appears in Chapter 79, article 11, Revised Statutes Supplement, 1963, which contains provisions applicable to Class VI school districts only, it is a statute of general application and its operation is not limited to Class VI school districts. This is apparent from the language of the bill, including its title.

The petitioner contends that section 79-403, R. S. Supp., 1963, and section 79-1108, R. S. Supp., 1963, are in conflict with each other; that section 79-1108, R. S. Supp., 1963, is a general statute; that section 79-403, R. S. Supp., 1963, is a special statute and is controlling in this case; and that section 79-1108, R. S. Supp., 1963, is not applicable.

The fundamental principle of statutory construction is to ascertain the intent of the Legislature from the language of the act itself. Todd v. County of Box Butte, 169 Neb. 311, 99 N. W. 2d 245. We think the legislative intent is apparent from the language of the statutes involved in this case.

Section 79-403, R. S. Supp., 1963, provides for the transfer of land between school districts upon the petition of a freeholder. A transfer can be made only when it is just and proper and for the best interest of the petitioner to do so. The best interest of the petitioner means the best educative interest. McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480.

The purpose of accreditation is to maintain adequate school programs and to encourage and assist schools in providing better instructional opportunities for their pupils. § 79-1247.02, R. R. S. 1943. Subsection (2) of section 79-403, R. S. Supp., 1963, provides for the transfer of property from a nonaccredited high school district to an accredited high school district. In De Jonge v. School District of the Village of Bloomington, *ante* p. 539, 139 N. W. 2d 296, we noted that this was a legislative determination that it was in the public interest to transfer property from nonaccredited high school districts to accredited high school districts.

The purpose of section 79-1108, R. S. Supp., 1963, was to extend this policy generally by prohibiting the transfer of property from accredited school districts to nonaccredited school districts. The statutes involved are not in conflict but must be construed together. Thus, section 79-1108, R. S. Supp., 1963, is applicable in this proceeding. It is controlling and requires that the petition be denied.

The judgment of the district court is affirmed.

AFFIRMED.