Opinion by
Mr. Justice Moore.
On February 19, 1964, plaintiff in error, hereinafter referred to as the defendant, was, by a jury, found guilty of aggravated robbery. He was represented upon the trial by competent counsel. No motion for a new trial or in arrest of judgment was filed by him, and the record discloses that he expressly waived the right to file any such motion, and requested that judgment enter on the verdict. The sentence of from 17 to 25 years imprisonment in the state penitentiary was entered on March 26, 1964.
On August 6, 1964, the defendant filed his request for a free reporter’s transcript for purposes of appeal. This motion was denied on the grounds that the record reflected no motions filed under Rules 33 and 34, Colo. R. Crim. P., and that the defendant was therefore jurisdictionally precluded from seeking review. Later, on August 27, 1964, the defendant filed his motion for reconsideration and the court granted him a free transcript and appointed an attorney to represent him on appeal. In his “Motion for Reconsideration” the defendant stated that the court granted his motion for extension of time to prepare and file a motion for new trial, but that his attorney failed to file such motion. This statement of the defendant is wholly without support *149 in the record. It affirmatively shows exactly the contrary. The right to file a motion for a new trial was expressly waived. Rule 37 (b), Colo. R. Crim. P. states as follows:
“A writ of error shall not issue to a final judgment against a defendant unless a motion for a new trial or in arrest of judgment has been filed as provided by Rules 33 and 34 and a clerk’s certificate to that effect has been filed with the Supreme Court. Only questions presented in such motions will be considered on review, except that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court.”
In Giron v. People, 152 Colo. 143, 380 P.2d 905, this court held that the failure of the defendant to file a motion for a new trial, or in arrest of judgment as required by Rule 37(b), Colo. R. Crim. P., necessitates dismissal of the action on writ of error.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice McWilliams concur.