## No. 23673.

### PAUL EDWARD SACKETT *v.* THE PEOPLE OF THE STATE OF COLORADO.
(488 P.2d 885)

Decided September 20, 1971.

EDWARD H. SHERMAN, Public Defender, City and County of Denver, EDWARD L. KIRKWOOD, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James F. Pamp, Assistant, Richard McManus, Jr., Assistant, for defendant in error.

*In Department.*

Opinion by John B. Barnard, District Judge.*

Plaintiff in error, Paul Edward Sackett, was convicted of aggravated robbery in 1964, and sentenced to a term in the state penitentiary.

In addition to other evidence, both physical and testimonial, the trial court received into evidence two statements made by the defendant. The first of these was made at the place of apprehension in the State of Wyoming. The second was taken later in Colorado, and was at least in part the fruit of the information disclosed by the first statement.

At trial, the defendant objected to the admission of the above statements on the ground that the first was not made voluntarily. Both the confessions and trial antedated *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which subsequently have been held to not be retrospective in their application. *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Hence, the law in effect at the time of the trial herein, and which governed the admissibility of the statements, required that the trial court determine whether the confession or statement was voluntarily given, and not whether the defendant had been given those warnings required by *Escobedo* and *Miranda, supra. See Bruner v. People*, 113 Colo. 194, 156 P.2d 111 (1945).

This matter has previously been raised before this court, with the writ of error dismissed on the ground that the defendant had failed to file a motion for new trial. *Sackett v. People*, 160 Colo. 147, 415 P.2d 535

20

(1966). Following this dismissal, a petition for Writ of Habeas Corpus was filed in the United States District Court, and denied on the ground that the petitioner had failed to exhaust his state remedies. Thereafter, petitioner filed an action pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. It is to the denial of this latter requested relief that this writ of error was taken.

 The rule in Colorado is that, in spite of the fact that the original writ of error was dismissed for failure to file the requisite motion for new trial, and in spite of the fact that the alleged error herein could have been raised had such writ of error been properly brought, nevertheless, since the error asserted would be a violation of a constitutionally protected right, it may now be raised in a Rule 35(b) motion. *People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969).

At the hearing on the 35(b) motion, the lower court held that the trial court had made the requisite finding that the statement was voluntary. Such finding by the court on the 35(b) motion is not, however, supported by the trial record. During the trial, the court held the requisite *in camera* hearing on the question of the voluntariness of the Wyoming confession, at the conclusion of which hearing, and after excising certain portions of the statement not pertinent to the offense being tried, the motion of the defendant to exclude the confession was overruled. This resulted in the question of the probative weight to be accorded the confession being submitted to the jury.

 Since oral argument on the instant case, this court has decided *Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971), which case is controlling here. As was the case in *Martinez,* the trial record herein reflects no finding by the trial court that the confession was voluntarily given, and, therefore, the statement was improperly received into evidence. The mere overruling by the trial court of an objection does not satisfy the require-

ment that there be a specific finding by the trial court that the confession was voluntary. *See Feldstein v. People,* 159 Colo. 107, 410 P.2d 188 (1966), and the cases cited therein.

Accordingly, the judgment of the lower court on the Rule 35(b) motion is reversed, and the cause remanded with instructions to submit the matter to the original trial judge (who was not the judge who heard this 35(b) matter) for the purpose of entering specific findings of fact on the issue of the voluntariness from the record; or, if necessary, the district court shall conduct a second *in camera* hearing.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE ERICKSON concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.