No. 25384

## The People of the State of Colorado v. Joe Hill
(512 P.2d 257)

Decided July 16, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Joe Hill filed a Crim. P. 35(b) motion seeking to vacate multiple convictions and sentences and to obtain a new trial. He claims, in his post-conviction motion, that he was denied his constitutional right to a fair trial because of improper jury instructions. Colo. Const. art. II, § 25. The trial court denied relief on the ground that the asserted errors, while sufficient as a basis for reversal, did not amount to a deprivation of constitutional rights upon which a Crim. P. 35(b) motion could be predicated. Hill appealed, and we now reverse and remand with directions that the defendant be granted a new trial.

The errors which led to the filing of the Crim. P. 35(b) motion occurred in the course of Hill's trial in 1958. Hill was charged with assault with intent to commit murder (C.R.S. 1953, 40-2-34), and with assault with a deadly weapon (C.R.S. 1953, 40-2-34). He was also charged, in two counts, with being an habitual criminal (C.R.S. 1953, 39-13-1). He entered pleas to the assault charges of not guilty and not guilty by reason of insanity. The jury initially convicted the defendant of assault with intent to commit murder and then

found the defendant to be guilty of the habitual criminal charges.

In support of his Crim. P. 35(b) motion, Hill claims that two errors occurred during his trial. Defendant asserts that the trial judge did not instruct the jury on the presumption of innocence. Hill's counsel neither tendered an instruction on the presumption of innocence nor objected to the court's failure to instruct the jury on the presumption of innocence. However, because the failure to instruct on the presumption of innocence affects such a substantial right, we take cognizance of the error pursuant to Crim. P. 52(b). *Findley v. United States,* 362 F.2d 921 (10th Cir. 1966).

An issue can be raised in a Crim. P. 35(b) motion only when the alleged error involves a constitutional right and was not previously the subject of review on a writ of error. *People v. Sackett,* 176 Colo. 18, 488 P.2d 885 (1972); *People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969). Even though the defendant has belatedly asserted his claim, the failure of the court to instruct on the presumption of innocence deprived Hill of his constitutional right to a fair trial. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 25. Thus, the trial court erred in dismissing Hill's Crim. P. 35(b) motion. Since we are compelled to grant a new trial because of the failure of the trial court to instruct on the presumption of innocence, it is not necessary for us to reach the other issues raised by Hill.

Our Anglo-American system of criminal jurisprudence has as a nucleus the requirement that the prosecution in a criminal case must establish the guilt of the accused by proof beyond a reasonable doubt and that, until the prosecution meets that burden, the accused is presumed to be innocent. *Martinez v. People,* 172 Colo. 82, 470 P.2d 26 (1970). *See Smith v. Smith,* 454 F.2d 572 (5th Cir. 1971); *Reynolds v. United States,* 238 F.2d 460 (9th Cir. 1956). These are "principles of law applicable to criminal cases which have been so universally accepted and applied in this country as to have become component parts of our understanding of the term 'due process of law.' " *People v. District*

*Court,* 165 Colo. 253, 439 P.2d 741 (1968). Furthermore, failure to instruct on the presumption of innocence constitutes a denial of due process of law. *Reynolds v. United States, supra; Martinez v. People, supra. Cf. People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972).

The prosecution conceded that no presumption of innocence instruction was given, but contends that such an instruction was not necessary because the court properly instructed the jury that the prosecution had the obligation of proving the defendant's guilt beyond a reasonable doubt. *United States ex rel. Campagne v. Follette,* 306 F.Supp. 1255 (E.D.N.Y. 1969), directly supports that position. There, the court reasoned that the unnoticed omission did not constitute a deprivation of due process because the presumption had no specificity of function in New York law "except to operate in precatory support of the reasonable doubt charge." *United States ex rel. Campagne v. Follette, supra. See also Spevak v. United States,* 158 F.2d 594 (4th Cir. 1946).

We disagree with that view. The presumption of innocence has meaning independent of the concept of proof beyond a reasonable doubt, which relates to the burden of proof. As the court said in *Reynolds v. United States, supra,* citing 9 *Wigmore on Evidence,* 3d ed., § 2511:

"[I]t cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced."

*See also Martinez v. People, supra. Cf. Coffin v. United States,* 156 U.S. 432, 15 S.Ct. 395, 39 L.Ed. 481 (1895).

The instruction on the presumption of innocence is salutary. It guarantees that the defendant's liberty will not be lost precipitously and that the state will be put to the proper test in securing a conviction in a criminal case. Such an important concept is not to be minimized or to be denied to a defendant. *Dodson v. United States,* 23 F.2d 401 (4th Cir. 1928). *Cf. Miklencic v. United States,* 62 F.2d 1044 (3d Cir. 1933).

 Furthermore, as the court said in *Braley v. Gladden,* 403 F.2d 858 (9th Cir. 1968):

"A jury is required to presume that an accused is innocent until he is proven guilty, and a court presumes that the jury applies only that law of which it is informed by the judge. Critical deficiencies cannot be supplied by inference or assumption as to the interpretation applied subjectively by twelve jurors, individually or collectively."

We cannot assume that the jury based its decision on matters of law on which it was not properly instructed. If the court had properly instructed the jury on the presumption, the verdict might well have been different, as indicated by the fact that in order to obtain a verdict, the classic Allen, dynamite, or shotgun charge was given.[1] We conclude that the failure to instruct the jury on the presumption of innocence requires that the defendant be granted a new trial.

 When a new trial is held, in order to insure that Hill receives the full benefit of the presumption of innocence and, hence, a fair trial by constitutional standards, the trial court should instruct the jury in the form which we have approved:

"The law presumes every person charged with a crime to be innocent. This presumption of innocence remains with the defendant throughout the trial and should be given effect by you unless, after considering all of the evidence introduced before you, you are then convinced that the defendant is guilty beyond a reasonable doubt." *Colorado Jury Instructions — Criminal* [COLJI – Crim.], § 3:5 (1972).

The trial court's order denying relief under Crim. P. 35(b) is reversed, and the defendant is granted a new trial.

---

[1] *The American Bar Association Standards for Criminal Justice Relating to Trial by Jury,* § 5.4, limits the use of the instruction, and many cases condemn its use. *See People v. Lovato,* 181 Colo. 99, 507 P.2d 860 (1973); *Taylor v. People,* 176 Colo. 316, 490 P.2d 292 (1971); *Lowe v. People,* 175 Colo. 491, 488 P.2d 559 (1971); *Neito v. People,* 160 Colo. 179, 415 P.2d 531 (1966); *Mogan v. People,* 157 Colo. 395, 402 P.2d 928 (1965); *Mills v. People,* 146 Colo. 457, 362 P.2d 152 (1961). *See also United States v. Williams,* 447 F.2d 894 (5th Cir. 1971); *United States v. Martinez,* 446 F.2d 118 (2d Cir. 1971); *United*

*States v. Johnson,* 432 F.2d 626 (D.C. Cir. 1970); *United States v. Sawyers,* 423 F.2d 1335 (4th Cir. 1970).