IN RE FREEHOLDER'S PETITION. WALTER A. FRIESEN, APPELLANT, v. REGINA D. CLARK, APPELLEE.
220 N. W. 2d 12

Filed July 5, 1974. No. 39326.

John R. Brogan and Joseph P. McCluskey, for appellant.

Barlow, Watson & Johnson and James J. DeMars, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

A freeholder's petition was filed by appellant, Walter A. Friesen, pursuant to section 79-403 (1), R. R. S. 1943, requesting that an 80 acre tract of land be set off from McCool School District No. 83, York County, and attached to Henderson School District No. 95, York County, Nebraska. Objections to the petition were filed by appellee, Regina D. Clark. Thereafter a board consisting of the county superintendent, county clerk, and the county treasurer of York County, appointed pursuant to the requirements of section 79-403 (1), R. R. S. 1943, held a hearing and authorized a transfer of the tract in question from the McCool School District to the Henderson School District. Appeal was then taken to the District Court for York County, which court, after hearing, entered a judgment denying the change of boundaries sought by the appellant. Appellant then appealed to this court. We reverse the judgment of the District

Court, and remand the cause with instructions to grant the requested transfer.

We have previously held that the action of the board under section 79-403, R. R. S. 1943, is an exercise of a quasi-judicial power, equitable in character, and upon appeal therefrom to the District Court the cause is triable de novo as though it had been originally instituted in such court, and upon appeal from the District Court to this court it is triable de novo as in any other equitable action. Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119 (1957); McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480 (1964).

The requirements for transferring and attaching the property in question as requested in the freeholder's petition are set out in section 79-403, R. R. S. 1943. We shall not recite these requirements in detail at this point. Suffice it to say the parties concede that all the statutory prerequisites for maintaining this action have been satisfied and that the only issue involved in this appeal is whether or not there was sufficient showing under the foregoing statute that the transfer would be in the best *educative* interests of the petitioner. The part of the foregoing statute directly involved in this endeavor to change the school district boundaries provides as follows: "The board may, after a public hearing on the petition, thereupon change the boundaries of the districts so as to set off the land described in the petition and attach it to such adjoining district as is called for in the petition whenever they deem it just and proper and *for the best interest of the petitioner or petitioners* so to do." (Emphasis supplied.) This court has on prior occasions defined the phrase "the best interest of the petitioner or petitioners," as used in the foregoing statute, to mean the best educative interest of petitioner or petitioners and not the best noneducative interest of petitioner or petitioners. Roy v. Bladen School Dist. No. R-31, *supra;* McDonald v. Rentfrow, *supra.* The cases have made it clear that the

board in making such determinations should predicate its decision upon the educative interest of the petitioner or petitioners and not on their mere personal preference or convenience based upon noneducational reasons. This court has indicated certain matters which we deemed not to be in the best educative interest of the petitioners. For example in Roy v. Bladen School Dist. No. R-31, *supra,* the court stated: "* * * we conclude that the Legislature did not intend, in this modern highway and transportation age, to enact a statute concerned with schools, distances, and education of pupils for the sole purpose of making convenient allocations of land to school districts based upon individual preferences or secular business reasons of owners having nothing to do with educational efficiency." See, also, McDonald v. Rentfrow, *supra.*

It is true that in the trial of this matter in the District Court, evidence was adduced and received with reference to certain matters which were clearly not connected with the educative interests of the petitioner. This evidence will not be considered in this appeal. We must, however, determine the positive aspects of the problem, that is to say, what facts or elements may and should be considered in making the final determination in that regard. Of course, whether or not the respective schools are accredited is a relevant factor. Pribil v. French, 179 Neb. 602, 139 N. W. 2d 356 (1966); § 79-1108, R. R. S. 1943. However, it appears from the record that both the Henderson School District and the McCool School District are fully accredited, and thus this element is not determinative in this case.

In Roy v. Bladen School Dist. No. R-31, *supra,* the court indicated that "educational efficiency" is a matter to be considered; and the court made special note of the fact that none of the witnesses had "criticized the leadership, management, curricula, or efficiency of the Bladen Schools." In Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592 (1967), the court specifically

held that: "* * * the size of a school or minor differences in extracurricular activities are not important considerations" and the court further emphasized that the evidence demonstrated "that both schools are good schools of equal class, with equal accreditation, and with practically the same curricula, and that no valid complaint can be made of the educational efficiency of either school." It appears therefore that so far as we are given any help or guidance by the cases referred to above, a freeholder's petition under section 79-403, R. R. S. 1943, must be supported by an adequate showing that the purposed transfer of land is justified in relation to the controlling educational factors regarding the convenience, necessity, or welfare of the pupil or pupils involved. Such a showing must include a demonstration of significant differences in the class, accreditation, leadership, management, curricula, and/or efficiency of the schools involved. Other factors such as the size of the schools involved or minor differences in extracurricular activities offered, although they may properly be considered in ruling on such a petition, are not alone enough to justify a transfer of land under that statute.

A review of the record in this case reveals that although both school districts offer a reasonably good program of education, there are certain considerations which lead us to the conclusion that the appellant should prevail on his petition and that the transfer of land sought by him should be granted.

In support of his petition appellant points out the fact that the Henderson School District offers a 4-year course of education in vocational agriculture, whereas the McCool School District offers no such course, and he argues that such a difference in the curricula of the two schools relates significantly to the educative interests of the child of school age residing on the land in question. Appellee argues on the other hand that it is speculative to suppose that the student involved, who is presently too young to enroll in the vocational agri-

culture course, will in the future have any interest in that course; and she further suggests that by the time the student involved is old enough to enroll in vocational agriculture, the McCool School District may possibly offer that course. We are not convinced by the arguments of the appellee. The fact that the student involved is not presently ready to take the course in vocational agriculture is not significant. What is significant is that by attending the school in the Henderson School District, the child will have the option to enroll in vocational agriculture if he so chooses. No such option is available if the child is required to attend school in the McCool School District. It would seem, if there is any speculation involved in this determination, it would be that speculation which foresees the distant possibility the McCool School District may in the future offer a course in vocational agriculture. We cannot indulge in this speculation. We believe that the fact the vocational agriculture course is available in the Henderson School District and not in the McCool School District is a significant educational factor relating to the welfare of the pupil involved in this case.

Perhaps of even greater significance herein, however, is the evidence concerning the relative makeup and quality of the staffs of the schools involved. It appears that the Henderson School District has a total of 33 staff teachers, 13 of whom have Masters Degrees or better. In contrast to this, the McCool District has 18 staff teachers, only 1 of whom has a Masters Degree. We believe that this great difference in the credentials of the teachers comprising the staff of the respective schools clearly indicates the significant strength of the Henderson program over that available in the McCool School District. For that reason, we conclude that an education in the Henderson School District in all probability would be more in the educative interests of the child residing on the land involved than would be an education in the McCool School District; and we reach this conclusion

notwithstanding the fact that it appears from the record that the Henderson School District may have a higher student-to-teacher ratio than the McCool School District. Obviously in making a judgment as to which of the two schools would be more for the educative interests of the petitioner, a balancing of strengths and weaknesses is necessary. We have done so in this case.

Finally, appellee points out that the Henderson School District is a Class III school (district population of 1,000 to 50,000), while the McCool School District is a Class II school (district population of 1,000 or less). See § 79-102, R. R. S. 1943. From this observation, appellee argues that the loss of one student and the loss of 80 acres of land will have a greater impact upon the McCool School District than upon the Henderson School District, and that such an event may actually pose a threat of dismemberment to the McCool School District. This suggestion of the appellee may or may not be accurate, but we point out that our sole concern under the law of this state is a determination of what would be in the best educative interests of the child whose future is involved in this case. Whether or not the transfer of land requested is to the advantage or the disadvantage of the school districts involved is not the deciding issue.

As a result of our examination of the record in this case, we have concluded that the transfer of land requested would be in the best educative interests of the child residing upon that land. For that reason, we conclude the judgment of the District Court should be reversed and the cause remanded with directions to grant the transfer of the land requested.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, C. J., dissenting.

I agree with the majority that the sole issue involved in this appeal is whether or not there was a sufficient showing, under section 79-403, R. R. S. 1943, that the transfer of land would be in the best educative interests of the student. However, I believe that the petitioner

did not meet his burden of proof by a preponderance of the evidence. The raison d'etre of this petition appears to be the personal convenience of the parents and the grandparents of the student, which is an impermissible justification for a transfer of land under section 79-403, R. R. S. 1943, as clarified in Roy v. Bladen School Dist. No. R-31, 165 Neb. 170, 84 N. W. 2d 119. The petitioner's legitimate contentions, regarding the better quality of education to be had in the Henderson School District are inconclusive, and are offset by advantages at the McCool Junction public schools. The evidence affirmatively shows that the two school districts are functionally equivalent, and there is no sufficient educational reason why the transfer of land should be granted here. Consequently, I would affirm the District Court's judgment denying this transfer of land and I dissent from the majority opinion in this case.

It is abundantly clear, from a reading of the record, that it would serve the personal convenience of the petitioner and his family to have the child attend the Henderson public schools. The petitioner grandfather and other members of his family and friends are all "Henderson oriented." It would suit their family welfare, enjoyment, and social contacts to have their grandchildren attend school there. Secondly, the son and the wife are not available to greet the child after school for 3 to 5 weeks during fall harvesting. The petitioner grandfather lives near Henderson, and it is urged that the child could wait with his grandparents until his parents could pick him up. No similar situation is available in McCool. This factor is said to justify the transfer of land in this case. The petitioner is really asking us to conclude that the personal convenience of the parents is sufficient to grant a freeholder's petition. This has never been the position of this court. The Legislature did not intend to enact a statute concerned with schools, distances, and education of pupils for the sole purpose of making convenient allocations of land

to school districts based upon individual preferences or secular business reasons of owners having nothing to do with educational efficiency. See, Roy v. Bladen School Dist. No. R-31, *supra;* McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480. The petitioner cannot sustain his burden of proof by a mere showing of the personal inconvenience of the parents.

The petitioner also claims that it is in the best educative interests of the prospective student that he be educated in the Henderson School District because it offers a 4-year course in vocational agriculture, whereas the McCool School District offers no such course. I feel that this factor is too speculative to justify equitable relief. We are here dealing with the interests of a child entering kindergarten. It is entirely possible that the child will have no interest in vocational agriculture whatsoever. Additionally, this court has previously announced that the size of a school or minor differences in available extracurricular activities is not an important factor in determining if a freeholder's petition should be granted. Johnson v. School Dist. of Wakefield, 181 Neb. 372, 148 N. W. 2d 592 (1967).

The petitioner further urges that it is advantageous for the child to attend the Henderson school because the teaching staff there has better credentials than the McCool staff. More specifically, the Henderson School District has a total of 33 staff teachers, 13 of whom have Master's Degrees or better, while the McCool School District has 18 staff teachers, only one of whom has a Master's Degree. While a more highly educated staff is desirable, I believe that such an advantage is offset by the more favorable student-teacher ratio which is to be obtained in the McCool School District. The student-teacher ratio in the elementary classes is 13.3 to 1 in the McCool School District, while in the Henderson School District the same ratio is 22 to 1. The child involved here is a kindergarten student. Individual attention is considered by many to be particularly im-

portant to children in the lower grades. If a differential is to be made between the two schools with reference to this boy, it would seem to me that this would be in favor of the McCool School District.

This is not a case of a request for a detachment from a poor, fading school district with a substandard program in teaching. Both the child's father and grandfather testified at trial that they had no objections to the educational program or administration of the McCool School District. Both schools are fully accredited, adequately staffed, and progressive. The only difference is that one is somewhat larger than the other. To permit detachment when both schools are relatively equal and of high grade would be to permit, at the whimsy of a school district resident, a destruction and downgrading of the educational interests and facilities of one school with no comparable improvement in the educational interests of the other.

In summary, I believe the petitioner has not sustained his burden of proof that the transfer of land from the McCool School District to the Henderson School District would be in the best educative interests of the child, and accordingly, I dissent.

NEWTON and CLINTON, JJ., join in this dissent.