583 P.2d 942 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Eddie Silviano MAES, Defendant-Appellant.
No. 77-482.
Colorado Court of Appeals, Div. III.
May 11, 1978.
As Modified On Denial of Rehearing June 15, 1978.
*943 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., David Schwartz, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Larry Dean Allen, Canon City, for defendant-appellant.
KELLY, Judge.
Defendant, Eddie Silviano Maes, a prisoner in the state penitentiary, was convicted by a jury of possession of contraband in violation of § 18-8-204.1(1) and (2), C.R.S. 1973 (1976 Cum.Supp.). He appeals, contending that the trial court committed reversible error when it refused to submit to the jury instructions tendered by him on the affirmative defense of duress as defined by § 18-1-708, C.R.S.1973. We reverse.
The undisputed evidence established that during a shakedown search at the medium security unit, a balloon which was determined to contain heroin was found on defendant. Defendant testified that two days earlier three inmates, not otherwise identified, had asked him "to hold their stuff. . . until payday" and that he took it and did not report the incident because the men told him that if he didn't take it they would "hit" him and if he reported them they would "have somebody from the outside do something to [his] wife and son." Defendant further testified that after the confrontation with the unidentified inmates he contacted his wife, informed her of the problems he was having, and told her to move.
Section 18-1-708, C.R.S.1973, provides, insofar as is pertinent here, that:
"A person may not be convicted of an offense . . . based upon conduct in which he engaged because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist. . . ."
*944 It has generally been held that where the threat of unlawful use of force is alleged, the defense is available only if the threat is one of present, impending, and imminent use of force, and that a threat of future injury is not enough. People v. Harmon, 53 Mich.App. 482, 220 N.W.2d 12, aff'd 394 Mich. 625, 232 N.W.2d 187 (1975); see generally, Annot. 60 A.L.R.3d 678; Annot. 40 A.L.R.2d 908; 1 Wharton's Criminal Law and Procedure, § 123 (R. Anderson ed. 1957). However, the question whether a threat is imminent is, in all but the clearest of cases, to be decided by the trier of fact after considering all of the surrounding circumstances, including the defendant's opportunity and ability to avoid the harm. People v. Harmon, supra.
Unlike a generalized fear of retaliation, which did not warrant a choice of evils instruction in People v. Robertson, 36 Colo. App. 367, 543 P.2d 533 (1975), the defendant here testified that he was specifically threatened with injury to himself and to his family if he refused to hold the heroin or if he reported the incident to the authorities. Defendant's failure to identify the inmates who threatened him goes to the credibility of the explanation, rather than to the submissibility of the defense to the jury. See Pittman v. Commonwealth, 512 S.W.2d 488 (Ky.App.1974).
Although the trial court ruled that the defendant's evidence was insufficient to warrant an instruction on the defense of duress, the jury was instructed on the defendant's theory of the case. This instruction was to the effect that the defendant acted out of fear for himself or for his wife and child, that the fear was caused by the use or threatened use of unlawful force, that it was a reasonable and rational fear, and that if the defendant had not acted as he did, his wife and/or his child would have been injured.
The jury was not told that the defendant's theory, if believed, was a defense. Cf. People v. Martin, Colo., 561 P.2d 776 (1977). The People contend that the theory of the case instruction "implicitly" directs the jury to acquit the defendant of the charge and thus the failure to instruct on the defense of duress was not error. We cannot assume that the jury inferred that they could acquit the defendant if they believed his theory of the case. See People v. Hill, 182 Colo. 253, 512 P.2d 257 (1973) (failure to instruct on the presumption of innocence requires a new trial).
Under the circumstances, the trial court erred in ruling that the evidence was insufficient to raise the defense of duress. On retrial, the jury should be instructed on the burden of proof with respect to affirmative defenses pursuant to Colo.J.I. (Crim.) 7:1, and should be given the following modified version of Colo.J.I. (Crim.) 7:9:
"It is an affirmative defense to the crime of possession of contraband that the defendant engaged in such conduct because of the use or threatened use of imminent unlawful force upon him or upon another person, which force or threatened use thereof a reasonable person in his situation would have been unable to resist. This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be subjected to such force or threatened use thereof."
The judgment is reversed.
PIERCE and SMITH, JJ., concur.