The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Bennie Louis ARAGON,
Defendant-Appellant.

No. 81CA0374.

Colorado Court of Appeals,
Div. III.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Certiorari Denied June 6, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Bennie Louis Aragon, appeals his conviction of first degree sexual assault, second degree assault, first degree burglary, and first degree criminal trespass. We reverse and remand for a new trial.

The case against defendant was based on the testimony of the complaining witness, who alleged that defendant had entered her apartment through the bedroom window, raped her, and then tried to choke her with an electric cord. The witness also identified photographs taken of her following the attack, showing bruises, burns, and scratches on her body. Other evidence in the record indicates that police checked the windows for fingerprints and found no smudges nor disturbance of dust of any kind.

The trial court did not instruct the jury that the defendant is presumed innocent until proven guilty. Defendant's counsel neither tendered the instruction nor object-

ed to the court's omission. Defendant also failed to raise the issue in his motion for a new trial.

■ ·Because the trial court's failure to instruct on the presumption of innocence affects the substantial right to due process, the issue is appropriate for appellate review as plain error under Crim.P. 52(b). *People v. Hill,* 182 Colo. 253, 512 P.2d 257 (1973); *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972).

The People urge this court to examine the totality of the circumstances of defendant's trial in accordance with the United States Supreme Court's decision in *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979) and to affirm the conviction by holding that the defendant was not denied a fair trial by the court's failure to instruct the jury on the presumption.

In *Kentucky v. Whorton, supra,* the trial court, in an armed robbery prosecution, refused defendant's tendered instruction on the presumption of innocence. The Supreme Court, clarifying its earlier ruling in *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), held that the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the U.S. Constitution, but must be evaluated in light of the totality of the circumstances to determine whether defendant received a fair trial. Such circumstances include, but are not limited to, the arguments of ·counsel, all instructions to the jury, and whether the weight of the evidence is overwhelming.

■ The defendant argues that *Kentucky v. Whorton, supra,* does not prevent states from providing greater protections under state constitutions than those afforded by the federal constitution. We agree. *See People ex rel. Juhan v. District Court,* 165 Colo. 253, 439 P.2d 741 (1968). A state is free as a matter of its own law to extend greater protections than those provided under the Federal Constitution. *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570, (1975); *People ex rel. Juhan v. District Court, supra; see, e.g., People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971).

In *People v. Hill, supra,* under circumstances similar to those presented here, the court ruled that the trial court's failure to instruct the jury on the presumption of innocence deprives a criminal defendant of the right to a fair trial and to due process under the Sixth and Fourteenth Amendments and under *Colo. Const.* Art. II, Sec. 25. The court in *Hill* said:

"The presumption of innocence has meaning independent of the concept of proof beyond a reasonable doubt which relates to the burden of proof . . . . The instruction on the presumption . . . is salutary. It guarantees that the defendant's liberty will not be lost precipitously and that the state will be put to the proper test in securing a conviction in a criminal case. *Such an important concept is not to be minimized or to be denied to a defendant* . . . . We cannot assume that the jury based its decision on matters of law on which it was not properly instructed." (emphasis added).

Other state courts have specifically rejected the *Whorton* rule in favor of a higher due process standard. *E.g., State v. Cox,* 94 Wash.2d 170, 615 P.2d 465 (1980); *State v. Williams,* 601 P.2d 1194 (Mont.1979). Although *People v. Hill* was decided before *Kentucky v. Whorton, supra,* Colorado has not examined the rule in *Hill* since the *Whorton* decision.

■ The Criminal Code adopted by our General Assembly states:

"Every person is presumed innocent until proved guilty. No person shall be convicted of any offense unless his guilt thereof is proved beyond a reasonable doubt." Section 18–1–402, C.R.S.1973 (1978 Repl. Vol. 8).

The Criminal Code also affirms that the presumption of innocence is a matter of substantive right. Section 18–1–401, C.R.S. 1973 (1978 Repl. Vol. 8). Accordingly, we hold that the failure to instruct the jury as to the presumption of innocence is plain error.

Since this matter must be remanded for new trial, we address defendant's additional claim of error.

■ The scope and limit of cross-examination for purposes of impeachment and general credibility is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *People v. Evans,* 630 P.2d 94 (Colo.App.1981). The witness testified that she cried when reporting the assault to her neighbors and the police. On cross-examination, she admitted lying to a former employer, but she denied that she had cried to enhance her credibility. Defendant was precluded from further pursuing this line of questioning when the court ruled it to be argumentative and irrelevant. We find no abuse of discretion in the court's ruling.

The judgment of conviction is reversed and the cause is remanded for a new trial.

BERMAN and KIRSHBAUM, JJ., concur.