IN RE FREEHOLDER PETITION.
RONALD L. JANZEN ET AL., APPELLEES, V. DEAN G. NORQUEST ET AL., APPELLANTS.
330 N.W.2d 487

Filed February 18, 1983. No. 81-883.

John F. Recknor of Barlow, Johnson, DeMars & Flodman, for appellants.

John R. Brogan of Brogan, McCluskey & Wolstenholm, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

WHITE, J.

This is an appeal from a District Court judgment reversing a decision of a freeholder board which denied transfer of petitioners' land from school district No. 83 of York and Fillmore Counties (hereafter McCool Junction School District) to school district No. 95 of York, Fillmore, and Hamilton Counties (hereafter Henderson School District). This matter arose under Neb. Rev. Stat. § 79-403 (Reissue 1981) before it was amended. The District Court held that the best educative interest of Andrew Scott Janzen, son of the petitioners, would be served if the transfer was granted.

The appellants-objectors, residents of McCool Junction School District, urge as error in this court (1) the finding of the District Court that petitioners had sustained the burden of proof that the transfer was in the best educative interest of Andrew Scott Janzen; (2) the ruling of the District Court that expert testimony is not required to demonstrate best educative interest; and (3) the ruling of the District Court which allowed the parents of Andrew Scott Janzen to testify as to the best educative interest of their son.

The review of a decision of the District Court granting or denying a freehold transfer is de novo in this court, and this court will come to an independent conclusion, having due regard to the superior po-

sition of the trier of facts who had an opportunity to see and hear the witnesses and to form a judgment on their credibility. *Klecan v. Schmal,* 196 Neb. 100, 241 N.W.2d 529 (1976).

The sole issue in freehold transfer cases is the best educative interest of the child. "Whether or not the transfer of land requested is to the advantage or the disadvantage of the school districts involved is not the deciding issue." *Friesen v. Clark,* 192 Neb. 227, 233, 220 N.W.2d 12, 16 (1974).

In *Friesen* we stated that a freeholder petition "must be supported by an adequate showing that the purposed transfer of land is justified in relation to the controlling educational factors regarding the convenience, necessity, or welfare of the pupil or pupils involved. Such a showing must include a demonstration of significant differences in the class, accreditation, leadership, management, curricula, and/or efficiency of the schools involved." *Id.* at 231, 220 N.W.2d at 15. In *Friesen* the transfer involved the identical districts here involved. Indeed, the evidence presented in this case is strikingly similar to that presented in that case.

Ronald L. and Joyce E. Janzen, the petitioners and appellees, owned land in the McCool Junction School District and applied to the board for transfer to the Henderson School District. Their son, Andrew, was a kindergartner at time of trial. The petitioners, in addition to their own testimony, offered the evidence of Ronald Pauls, elementary school principal at Henderson, and Allen Friesen, superintendent of schools at Henderson. Norman Bonde, superintendent of schools at McCool Junction, was the only witness for appellants.

Mr. Pauls testified that he had been the elementary school principal at Henderson for 13 years; that he had a bachelor of arts degree in elementary education, a master of education degree, and a specialist degree in educational administration, and that the curriculum for a child from kindergarten

through the sixth grade consisted of reading, mathematics, science, social studies, health, handwriting, and spelling. The elementary faculty included two teachers with master's degrees and two with at least 36 hours of graduate work. Teaching equipment included instructional television sets, projectors and viewers, record players, and a computer. The student-teacher ratio was approximately 15 to 1; in addition to a regular classroom teacher for each grade, the elementary staff consisted of an elementary music teacher, an instrumental music teacher, an art teacher, a resource teacher, and teacher aides.

Allen Friesen testified that Henderson was a Class III district; that the enrollment was 190 in the elementary school and 150 in the secondary school; and that the schools were located on a 12-acre tract not intersected by streets. He further testified that of the 32 teachers on the staff, all had at least a bachelor's degree, 14 had master's degrees, and 3 had at least 36 hours above the bachelor's degree requirements. The elementary and secondary principals had no classroom responsibilities. All teachers participated in a continuing in-service program to improve skills. The main building at Henderson had been built in 1953, with additions in 1959 and 1974. The Henderson School District offered a vocational agriculture program, a science laboratory, a physics and chemistry laboratory, and a biology laboratory. Henderson School District also offered a shop program, a full mathematics program, and a 3-year program in German.

Ronald L. Janzen testified that from their farm home it was approximately 6 miles to the Henderson school and 8 miles to the McCool Junction school. Mr. Janzen also testified that he had taken the vocational agriculture course at Henderson and felt that his son should take the course. Both Ronald and Joyce Janzen testified that, in their opinion, the best

educative interest of their son would be served by the transfer.

Norman Bonde, superintendent of schools at McCool Junction, testified for the appellants. He testified that he had a master's degree and a specialist in administration from Kearney State College; that no foreign language was offered at the McCool Junction school; that three members of the faculty were not endorsed in certain of the classes they were teaching, including chemistry and physics, eighth and ninth grade science, and seventh and eighth grade English; that the driver's education teacher had a provisional endorsement; and that vocational education courses are not offered at McCool Junction and had not been offered in the past.

The appellants do not attempt to distinguish the facts of this case from *Friesen v. Clark, supra*. In that case we granted a freehold transfer from McCool Junction to Henderson. We noted there the argument that while vocational agriculture was not then offered it might well be offered in the future. Nine years later the same argument is offered here. The argument did not convince the court then; it does not do so now. On the facts as proven, the District Court was correct.

Under our de novo review, we agree with the conclusion reached by the trial court.

However, we must deal with the assignments of error relating to the quality of proof in determining "best educative interest." Without citing other than the most general authority, appellants assert that "best educative interest" must be relegated to the experts, that no determination can be made without a complete testing procedure of the student, and only after that testing is complete may an appropriate interpreter of that testing state an opinion of "best educative interest." This view is not supported by our cases and we decline to adopt it. While such evidence, if offered, would appear to be

relevant, its absence will not doom the petition to failure.

Nor are we convinced that a parent as an informed and concerned lay person is not competent to testify as to his or her opinion on "best educative interest." The parents were not testifying as experts, and the evidence was clearly admissible under Neb. Rev. Stat. § 27-701 (Reissue 1979) as that "rationally based on the perception of the witness and . . . helpful to a clear understanding of his testimony or the determination of a fact in issue."

The decision of the trial court is correct and is affirmed.

AFFIRMED.