IN RE FREEHOLDER PETITION.
KAUFFMAN FARMS, INC., APPELLEE, V. EMERY KEITH HUTSELL ET AL., APPELLANTS.
330 N.W.2d 907

Filed March 4, 1983. No. 81-849.

John F. Recknor of Barlow, Johnson, DeMars & Flodman, for appellants.

Carl D. Cohen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

BOSLAUGH, J.
The appellants are taxpayers and electors in the

Marquette School District in Hamilton County, Nebraska. They appeal from the judgment of the District Court vacating the order of the freeholder board and granting the petition of Kauffman Farms, Inc., to transfer its property from the Marquette district to the Aurora School District under Neb. Rev. Stat. § 79-403 (Reissue 1981).

The record shows that the petitioner, a family farm corporation controlled by Clayton and Nancy Kauffman, owns land in both the Aurora and Marquette school districts. The family residence is located in the Marquette district and the three Kauffman children attended school in that district. The petitioner requested the freeholder board to transfer its land to the Aurora district, as such transfer was in the best educative interest of the Kauffman's youngest daughter, Susan.

The board denied the transfer and petitioner appealed to the District Court. That court found the action of the board arbitrary and capricious; that the transfer was in the best educative interest of Susan Kauffman; and ordered the land transferred.

On appeal to this court the appellants argue that the petitioner did not sustain its burden of proof on the issue of best educative interest. The appellants maintain that best educative interest requires proof by expert testimony, which was not produced by the petitioner.

The review of the decision of the District Court is de novo in this court. *In re Freeholder Petition,* ante p. 532, 330 N.W.2d 481 (1983); *Miller v. School Dist. No. 69,* 208 Neb. 290, 303 N.W.2d 483 (1981). This court has a duty to reach an independent conclusion without reference to the conclusion reached in the District Court.

The only issue tried by the District Court was whether the transfer was in the best educative interest of Susan Kauffman. "Best educative interest" requires a showing that the convenience, necessity, or welfare of the student will be best served by the

transfer, and may be demonstrated by proof of the accreditation of the respective schools, educational efficiency of the schools, and/or the leadership, management, and curricula of the schools involved. *Friesen v. Clark,* 192 Neb. 227, 220 N.W.2d 12 (1974).

Susan Kauffman attended school in the Marquette district until 1980, her junior year in high school. That year, her parents paid tuition to send her to school in the Aurora district. Her father cited concerns over the administration of the Marquette school and the quality of education provided there as the reasons for this change.

Dean Bergman, a management consultant for the Department of Education, and who had conducted a survey of the Marquette district in 1979-80 when the district was considering building a new facility, was called as a witness by the petitioner. He testified that the enrollment at Marquette was declining and the old building was in need of repair. At the completion of his study, he recommended to the Marquette board that, as an alternative to the new building, Marquette could either (1) affiliate with other neighboring districts, or (2) contract with other districts for specialized courses not offered by Marquette.

Bergman further testified that the Aurora school was accredited by the North Central association while Marquette was not; that in grades 9 to 12 the total instructional units offered by Aurora were 630.5 while Marquette offered only 385; that Aurora had 34 teachers in 1980-81 while Marquette had 16; and that Aurora has a full-time principal while Marquette has a part-time principal. Bergman testified that, in his opinion, the Aurora school offered "the potential opportunity for a better education."

A comparison of the courses taken by Susan Kauffman at Aurora and those offered at Marquette showed that four of her seven courses were not offered at Marquette. Of the three courses offered at both schools, the teachers at Aurora had master's

degrees and were endorsed in their subject areas while the teachers at Marquette had bachelor's degrees and were not all fully endorsed in their subject areas. Many of the courses available at Aurora are available at the Marquette school only by correspondence or extension.

Other testimony presented by the petitioner showed that the facilities and equipment provided by the Aurora school were either superior to or more available than those of the Marquette school. Counseling, particularly for the college-bound student, was more readily available to the student at Aurora. Susan Kauffman testified that she felt she was receiving a better education in the Aurora School District than she had at Marquette.

Clayton and Nancy Kauffman testified that, in their opinion, Susan's best educative interest was served by attending the Aurora school.

The appellants argue that the District Court erred in permitting Clayton and Nancy Kauffman to testify as parents to their opinion of what is in Susan's best educative interest, as such opinion can be rendered only by an expert. They raise a similar argument with respect to the opinion given by Susan Kauffman.

This issue was recently decided in *In re Freeholder Petition, supra*. In that case we held that "best educative interest" need not be relegated to the experts, although expert testimony would appear to be relevant to the issue. Further, we held that a parent, as an informed and concerned lay person, is competent to give an opinion when it is "rationally based on the perception of the witness and . . . helpful to a clear understanding of his testimony or the determination of a fact in issue." Neb. Rev. Stat. § 27-701 (Reissue 1979). This same rationale would permit Susan Kauffman, as a concerned and interested student, to testify as to her opinion of "best educative interest." The evidence was properly admitted.

There was evidence from which it could be inferred that the Marquette school had suffered from poor administration for some time. A superintendent had been convicted of embezzling a large sum of money from the district. Disciplinary policies were nonexistent or not enforced. In one incident a student had singed Susan's hair with a cigarette lighter. The teaching staff lacked support from the office of the superintendent and principal. Some of the students seemed to be aware of the lack of organization and took advantage of the teaching staff.

Upon de novo review, we conclude that the order of the District Court must be affirmed. The evidence shows that the best educative interest of Susan Kauffman would be served by the transfer.

The judgment of the District Court is affirmed.

AFFIRMED.